Turley J.,
delivered the opinion of the court.
This is a bill of indictment against Alfred McBride, for the offence of gaming. The charge as contained in the bill, is in the words following, viz, “Alfred McBride, late of the county of Montgomery, laborer, on the third day of March, one thousand eight hundred'and forty-seven, at the county aforesaid, was guilty of unlawful gaming, by then and there wagering and betting money on a certain unlawful game and match at cards, contrary to the statute in such case made and provided,” &c. The bill of indictment was quashed by the judge of the circuit court, upon the motion of the defendant, from which the attorney general appealed to this court.
The question presented for our consideration is, whether the offence is charged in the bill of indictment with sufficient certainty.
*67 By the 5th sec. of the act of 1824, ch. 5, it is enacted, “That in every case which may arise under any of the laws of this state, made for the prevention, discouraging and suppressing of gaming, the court shall interpret the said laws as remedial, and not as penal statutes, and no presentment or indictment shall be quashed for want of form; and in all such cases, it shall be sufficient to charge the general name of the game at which the defendant or defendants may have played, without setting forth and describing with or against whom they may have bet or played.”
This statute is very broad in its terms, and has received so liberal a construction, as to have almost done away with every thing but the name of an indictment in such cases; perhaps it is best that it should be so; at all events we have no desire or intention at this day to restrict its operation, or unsettle any thing that has been held in relation to it.
In the case of Francis M. Dean vs. The State of Tennessee, Martin & Yerg. 127, the indictment charged, “that Dean and one Henry W. Smith, on the 10th day of May, 1826, with force and arms, did unlawfully encourage and promote a certain unlawful game and match at cards for money; and then and there unlawfully did play for and bet money at the said game and match of cards.”
This indictment was held to be good, and in doing so, it was necessarily held, that a bill of indictment for gaming, need not specify the particular game of cai’ds which was played, such as whist, loo, euchre, brag, poker, &c., but that it is good if it describe it as an unlawful game and match of cards, and that it is not necessary to charge what money, or what amount was bet upon the game. The statute provides, that the person with whom the defendant bet or played need not be set forth or described. Then we have three things in which this indictment is apparently defective, settled in its favor, viz, the general charge of betting money; the calling the game upon *68 which the betting is alledged to have been made, an unlawful game at cards; and the neglect to charge with whom the bet was made; the two first by the case of Dean vs. The State, and the last by the act of 1824.
There only remafts one other apparent defect in this bill to be remedied, an.d that is, that it is not averred that the game was executed. In the case of Dobbins vs. The State, 2 Humph. 424, it is said by judge Reese, who, delivered the opinion of the court, “This court, acting in pursuance of the liberal prin-, ciple prescribed by the act of 1824, ch. 5. sec. 5, for the suppression of gaming, has held, that the words “did gamble,” and “did game,” contain and express ex vi termini the conjoint facts, that a bet or wager was laid, and that the act to which it related was executed.” And in saying this, the judge was well warranted by previous decisions. This then removes the objection to this bill of indictment, that it is not averred that the unlawful game at cards upon which the betting is charged was executed or played; for the bill does charge that the defendant “did- unlawfully game by wagering and betting,” and by intendment of law the game was played. The charge of the offence is then complete, and the circuit judge erred in quashing the indictment, for which the judgment must be reversed, and the case remanded to the circuit court of Montgomery county, to be further proceeded in as the law directs.